Maccabees, Appellant, *v.* Cappas.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John F. Gloeckner,* for appellant.

*Morris M. Berger,* for appellee.

OPINION BY ARNOLD, J., July 19, 1945:

The Maccabees, a Fraternal Benefit Association, on April 1, 1941 issued its benefit certificate insurance policy in the sum of $1,000 on the life of James P. Cappas, aged forty-five. Efthemia Cappas was named beneficiary. The policy was issued pursuant to the application of the insured made February 3, 1941. The insured died August 17, 1941 and proofs of death were furnished. On September 11, 1943 the Maccabees filed this bill in equity against Efthemia Cappas praying that upon payment of the premiums of $21.65 the policy be cancelled because of alleged false answers in the application. The defendant beneficiary filed her answer denying the alleged fraud but praying for no affirmative relief. Under circumstances hereinafter related, there resulted a final decree that "James P. Cappas was (not) aware of the fact that he had syphilis or paresis and that he (did not mislead) the plaintiff fraternal organization," and entering judgment in the sum of $1,000 in favor of defendant and against the plaintiff. Plaintiff appeals, raising the question that the court had no jurisdiction to enter a money judgment against the plaintiff and that the insured committed a fraud in connection with the application.

The plaintiff sought an adjudication that the policy was void because of the fraud in the application. Defendant did not pray for any affirmative relief. Therefore, upon a final decree that there was no fraud in the application the plaintiff could only be foreclosed of that particular defense, and not of any other defense. The final decree entered foreclosed the plaintiff from *every* defense, although only one was involved. Therefore, it was erroneous to enter the money judgment.

The principal matter in the appeal is the question of

misrepresentations in the application, and inter alia, reliance is placed on the negative answers to question No. 45, "Have you consulted or been attended by any physician during the past five years?" and question No. 65, "Have you ever had any disease ...... illness or disability not mentioned?"

The chancellor filed his adjudication, findings of fact, conclusions of law and decree nisi on August 7, 1944. The tenth finding of fact is "that James P. Cappas perpetrated fraud on the Maccabees ...... in giving false answers to the questions hereinbefore referred to," (including question 65). The first conclusion of law was that the insured "was guilty of fraud in procuring the policy of insurance ......." The second conclusion of law was "The deceased knew that he was not a well man and that he was afflicted with a disease (syphilis) at the time that he was insured. ......" With these findings and conclusions the chancellor entered the nisi decree declaring the policy null and void. Exceptions were filed by the defendant. These were sustained by the court in banc on December 1, 1944 with an opinion and final decree entering the money judgment. No findings of fact were ever made by the chancellor or by the court in banc, except those upon which the nisi decree was entered, which findings were that the insured had committed a fraud, and these findings are the antithesis of the final decree. While it is clear that the chancellor, and presumably the court in banc, believed his findings wrong, yet it is impossible for this court to review findings of fact which were never made. It is essential that the findings of fact sustain the final decree: *Massachusetts Bonding & Ins. Co. v. Johnston & Harder, Inc.*, 343 Pa. 270, 22 A. 2d 700.

Since the adjudication and the final decree must depend for their efficacy upon the facts found, the decree will therefore have to be reversed for further proceedings and proper findings. It may be pointed out that

484

the defendant excepted to the court's refusal to find nine specified requested findings of fact, and under Equity Rule 71 the defendant is entitled to a specific disposition of each. It may also be observed that one of the basic legal questions is whether the insured in his application made in 1941 was bound to disclose that he was afflicted with syphilis in 1922 (nineteen years before) in his answer to general question No. 65, where the application contains no question specifically directed towards syphilis or venereal disease. The new findings should be complete particularly as to the purpose and intent of the insured in answering in the negative application questions 58 and 65, and whether incorrect answers were given because of euphoria, or some other mental abnormality, or otherwise.

The decree of the court below is reversed and the record remitted for further proceedings in accordance with this opinion; costs to abide final disposition of the case.